IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)    MARIAN P. OPALA, | ) | |
| | ) | |
|              Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| (1)    JOSEPH M. WATT; | ) | |
| (2)    JAMES R. WINCHESTER; | ) | |
| (3)    ROBERT E. LAVENDER; | ) | |
| (4)    RUDOLPH HARGRAVE; | ) | |
| (5)    YVONNE KAUGER; | ) | |
| (6)    JAMES E. EDMONDSON; | ) | |
| (7)    STEVEN W. TAYLOR; and, | ) | |
| (8)    TOM COLBERT, in their | ) | |
| individual and administrative capacities, | ) | |
| | ) | |
|              Defendants. | ) | |

## COMPLAINT

Plaintiff Marian P. Opala ("Opala") for his cause of action against Defendants Joseph M. Watt ("Watt"), James R. Winchester ("Winchester"), Robert E. Lavender ("Lavender"), Rudolph Hargrave ("Hargrave"), Yvonne Kauger ("Kauger"), James E. Edmondson ("Edmondson"), Steven W. Taylor ("Taylor"), and Tom Colbert ("Colbert"), in their individual and administrative capacities, alleges and states:

## THE PARTIES

1. At all times herein mentioned, Plaintiff was and now is a resident of the City of Warr Acres, State of Oklahoma, and a member and justice of the State of Oklahoma Supreme Court. Currently, Plaintiff is the elected Vice-Chief Justice of the Supreme Court.

2. At all times herein mentioned, Defendants Watt, Winchester, Lavender, Hargrave, Kauger, Edmondson, Taylor, and Colbert were and now are members and justices of the Oklahoma Supreme Court whose principal place of conducting business is the City of Oklahoma City, Oklahoma County, State of Oklahoma, and within the Western District of the United States District Court for the State of Oklahoma. And, Defendants Watt, Winchester, and Kauger are residents of the Western District of the United States District Court for the State of Oklahoma.

## NATURE OF CASE

3. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties, as more fully appears below.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is based on 28 U.S.C. § 1331 and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## FACT ALLEGATIONS

6. All members of the Oklahoma Supreme Court ("Court") are appointed by the Governor and must stand for retention for the unexpired term of their predecessor at the next general election to be held more than a year after appointment.

7.  Plaintiff was duly appointed to serve as a Justice of the Court in 1978. Since the date of his appointment, Plaintiff has been retained as a member of the Court by votes of the Oklahoma electorate.

8.  During Plaintiff's tenure as a Justice of the Court, Plaintiff has on one (1) occasion served as the Chief Justice of the Court. Currently, Plaintiff is the elected Vice-Chief Justice and as Vice-Chief Justice, Plaintiff had a reasonable expectation that he would be nominated for the Office of Chief Justice in November 2004.

9.  Status and service as Chief Justice is an honor which also confers administrative and ceremonial duties.

10. In recognition of the additional duties and responsibilities of the position, the Chief Justice receives additional compensation for such service.

11. The position of Chief Justice permits the holder – as part of the duties and responsibilities – of the position to assign to other Justices the duties and responsibilities of writing opinions on important legal matters brought before the Court.

12. The Oklahoma Constitution, Article 7, § 2 provides, *inter alia*, that the Justices shall choose from among their members a Chief Justice and a Vice Chief Justice.

13. Acting in their administrative capacities, the Justices of the Court adopted rules and procedures entitled Internal Operating Procedures of the Supreme Court Conference that, *inter alia*, set forth the procedure and process for selection of the Chief Justice in order to comply with Article 7, § 2 of the Oklahoma Constitution.

14. At all relevant times before November 4, 2004, Rule 4 of the Internal Operating Procedures of the Supreme Court Conference provided:

> The term of office of Chief Justice shall rotate among eligible members of the Court every two years. A Justice is eligible to become Chief Justice when each sitting Justice at the time of the Justice's appointment has completed a term as Chief Justice or waived his or her right to do so. No Justice shall succeed himself or herself as Chief Justice, nor shall a Justice be eligible hereunder until he or she has completed six years service as Justice of this Court.
>
> Nominations shall be made for the offices of Chief Justice and Vice Chief Justice at the first conference in November following the general election. Voting shall be by written ballot. The term of office shall commence in January of the year immediately following the election and continue until the completion of the two year term of office.

15. Before November 4, 2004, Rule 4 required, *inter alia*, that the term of office of Chief Justice be rotated among eligible members of the Court and that no Justice shall succeed himself or herself as Chief Justice nor be eligible to serve as Chief Justice until he or she completed six years of service as a Justice of the Court. That rule had been in effect since October 7, 1999.

16. Because of Plaintiff's tenure as a Justice of the Court, Plaintiff was the only Justice eligible to be nominated for the Office of Chief Justice because each of the other Justices that had satisfied the qualification of completing six (6) years of service as Justice had completed a term of Chief Justice. Consequently, under Rule 4 before November 4, 2004, Plaintiff held a top eligibility spot to be nominated for the office of Chief Justice.

17. Plaintiff is informed and believes and thereon further alleges that sometime before November 4, 2004, some of the Defendants discussed a change in Rule 4 governing

the election of the Chief Justice to allow the Chief Justice to succeed himself or herself although Plaintiff was not privy to those discussions.

18. In a conversation with Defendant Winchester that occurred in the latter part of October 2004, Plaintiff was advised that Plaintiff's chances of becoming Chief Justice were good unless the rules were changed.

19. Before Plaintiff's conversation with Defendant Winchester, Plaintiff was unaware that there was any contemplation of a rule change that could affect his ability to be nominated and elected to the position of Chief Justice.

20. Plaintiff further determined that Defendant Edmondson was actively engaged in an effort to cause Defendant Watt to be the first Oklahoma Supreme Court Chief Justice to succeed himself as Chief Justice and that in order to cause Defendant Watt to serve a second term as Chief Justice, Rule 4 had to be changed.

21. Thereafter, Defendants while acting in their administrative capacities took action to amend Rule 4.

22. Defendant Hargrave voted against amending Rule 4 but he subsequently concurred in electing a new Chief Justice under the terms of Rule 4 as amended.

23. The effect of the amended Rule 4 was to cause Defendant Watt to have the top eligibility priority for the position of Chief Justice and to relegate Plaintiff to a low eligibility priority that for practical purposes rendered it impossible for Plaintiff to be elected to the position of Chief Justice.

24. Although Plaintiff is 83 years old, Plaintiff enjoys good health and has sound mental acuity and a commitment to the duties and responsibilities of a Supreme Court Justice. Because of Plaintiff's well-recognized years of service as a Justice and good health condition, Plaintiff's age was a significant factor in the amendment of Rule 4.

25. Plaintiff was not formally advised of the amendment of Rule 4 until the day after the order was circulated on November 12, 2004.

26. As amended, Rule 4 of the Internal Operating Procedures of the Supreme Court Conference provides:

> The term of office of Chief Justice shall rotate among eligible members of the Court every two years. The next senior Justice who has never served as Chief Justice should be considered for election as Chief Justice, provided that the Justice has served at least four (4) years on this Court including service as Vice-Chief Justice. If the next senior Justice has not served at least four (4) years on the Court including service as Vice-Chief Justice, the incumbent Chief Justice or any other Justice who has served as Chief Justice may be elected to another two-year term as Chief Justice. Otherwise, the Chief Justice will serve only one term.

27. The effect of the amendment of Rule 4 was to deny Plaintiff the opportunity to be nominated and elected to the position of Chief Justice, and because of the constitution of the Court's membership, rendered it highly improbable that Plaintiff could ever be eligible for the position of Chief Justice.

28. At all relevant times, the Defendants were acting under color of state law in taking the action to amend Rule 4 and to change the manner for the selection of Chief Justice.

29. At the time Defendants caused Rule 4 to be amended, Defendants knew or reasonably should have known that applicable law provided that Plaintiff could not be

discriminated against in his employment on the basis of his age and that Plaintiff had a reasonable expectation that he would be nominated and elected to the position of Chief Justice.

30. Plaintiff's age was a significant factor in the discriminatory treatment as hereinabove alleged, and as a result of Defendants' violations of Plaintiff's right to equal protection under the Fifth and Fourteenth Amendments to the United States Constitution, Plaintiff has been denied the opportunity to be nominated for and selected as Chief Justice.

31. Defendants participated in, condoned, and ratified the denial of equal protection towards Plaintiff.

32. As a direct result of the rule change, Plaintiff has been deprived of the opportunity to earn additional income and to achieve the prestige of the position of Chief Justice.

33. As a direct result of the rule change, Plaintiff has been deprived of a significant property interest without any hearing or judicial review of the action of Defendants.

## PLAINTIFF'S CLAIMS FOR DECLARATORY JUDGMENT

34. The amendment of Rule 4 constitutes a denial of Plaintiff's right to equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

35. The amendment of Rule 4 constitutes a substantial deprivation of Plaintiff's property interest without due process of law in violation of the Fourteenth Amendment of the United States Constitution.

36. The amendment of Rule 4 as applied violated due process of law under the Fourteenth Amendment to the United States Constitution because it does not provide for any adequate and immediate post-deprivation (post-rejection) hearing on Plaintiff's bar from eligibility to be nominated for the position of Chief Justice.

37. The amendment of Rule 4 as promulgated constitutes a substantial deprivation of Plaintiff's liberty interest without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

38. An actual and substantial controversy exists between Plaintiff and Defendants. Specifically, Plaintiff contends and Defendants ostensibly dispute that Defendants knowingly acted and continue to act to deny Plaintiff his rights under the Fourteenth Amendment to the United States Constitution by, among other acts, excluding Plaintiff from eligibility to be nominated to serve as Chief Justice of the Supreme Court.

39. Plaintiff has no administrative remedies available to him and any attempts by Plaintiff to obtain administrative relief would be futile.

40. In view of Defendants' amendment of Rule 4 and the selection of Defendant Watt as Chief Justice pursuant to the amended Rule 4 and Plaintiff's contention that the amendment of Rule 4 violates the United States Constitution, there is an actual controversy within the jurisdiction of this Court. Declaratory relief will effectively adjudicate the rights of the parties.

WHEREFORE, Plaintiff requests this Court to:

(1) Enter a declaratory judgment that the amendment of Rule 4 constitutes a violation of Plaintiff's right to equal protection pursuant to the Fifth and Fourteenth Amendments to the United States Constitution;

(2) Enter a declaratory judgment that the amendment of Rule 4 constitutes a substantial deprivation of Plaintiff's property without due process of law in violation of the Fourteenth Amendment of the United States Constitution;

(3) Enter a declaratory judgment that the amendment of Rule 4 as applied violated due process of law under the Fourteenth Amendment of the United States Constitution because it does not provide for any adequate and immediate post-deprivation hearing on Plaintiff's preclusion from eligibility to be nominated for the position of Chief Justice;

(4) Enter a declaratory judgment that the amendment of Rule 4 as promulgated constitutes a substantial deprivation of Plaintiff's liberty interest without due process of law in violation of the Fourteenth Amendment of the United States Constitution;

(5) Enter a declaratory judgment that the amendment of Rule 4 be declared null and void, of no effect, and unauthorized by law;

(6) For Plaintiff's costs of suit in this action; and,

(7) Award Plaintiff such other and further relief as this Court may deem just and proper.

                                                          WARD & GLASS, LLP

                                                          s/Stanley M. Ward
                                                          Stanley M. Ward, OBA#9351
                                                          Woodrow K. Glass, OBA#15690
                                                          Scott F. Brockman, OBA#19416
                                                          629 24th Avenue S.W.
                                                          Norman, Oklahoma   73069
                                                          (405) 360-9700
                                                          (405) 360-7902 (fax)
                                                          ATTORNEYS FOR PLAINTIFF

ATTORNEYS' LIEN CLAIMED