IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

**JUL 1 4 2005**

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____
_____DEPUTY

| | | |
|---|---|---|
| MARIAN P. OPALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-04-1771-R |
| | ) | |
| JOSEPH M. WATT; | ) | |
| JAMES R. WINCHESTER; | ) | |
| ROBERT E. LAVENDER; | ) | |
| RUDOLPH HARGRAVE; | ) | |
| YVONNE KAUGER; | ) | |
| JAMES E. EDMONDSON; | ) | |
| STEVEN W. TAYLOR; and, | ) | |
| TOM COLBERT, in their | ) | |
| individual and administrative | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter is before this Court upon Defendants' Motion to Reconsider Order Denying Defendants' Motion to Dismiss. Upon reviewing the motion, the Court **FINDS** that the Motion should be **DENIED**.

1. A motion for reconsideration is proper "if there has been a significant change or development in the law or facts since submission to the court" or "when the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented or has made a mistake not of reasoning but of apprehension." EEOC v. Foothills Title Guaranty Co., 1991 WL 61012, *3 (D. Colo. 1991), aff'd 956 F.2d 277 (10th Cir.

1992). The above circumstances are not present in this case.

2. Defendants essentially ask this Court to reconsider its entire ruling without any real support for such request. Instead, Defendants reiterate their prior arguments and attempt to add more support for their contentions. "[R]evisiting the issues already addressed is not the purpose of a motion to reconsider, and advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original [motion to dismiss] was briefed is likewise inappropriate." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (internal quotations and citation omitted).

Furthermore, Defendants assert, for the first time, that they are protected by judicial immunity while engaged in rulemaking.[1]   A motion for reconsideration is not the proper place to raise an entirely new theory or defense. See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1387 (10th Cir. 1997) ("[I]t is ordinarily inappropriate for a party to raise new legal arguments" on a motion for reconsideration); Benedictine College, Inc. v. Century Office Products, Inc., 866 F. Supp. 1323, 1326 (D. Kan. 1994) ("A party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments on a motion to reconsider."); In re Oil Spill by "Amoco Cadiz" Off the Coast of France on March 16, 1978, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("Motions for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal

---

[1] Defendants previously asserted that the adoption of rules was a legislative function and thus, they are protected by legislative immunity. See Defendants' Motion to Dismiss, pp. 13-16. The Court discussed this argument at length. See Order Denying Defendants' Motion to Dismiss, pp. 15-22. The argument regarding judicial immunity was not raised in Defendants' Motion to Dismiss.

argumentation which could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion." (internal citations omitted)). However, since the Court previously discussed the history and application of absolute immunity, we will dispose of the issue now. See Order Denying Defendants' Motion to Dismiss, pp. 15-22.

While the Court previously noted that it could be urged that in adopting the rules, Defendants were acting in a judicial capacity, the Court also announced its intent to follow well-established precedent indicating that rulemaking involved either a legislative or administrative function. Id. at 16 n.4. After an exhaustive review of relevant case law, the Court determined that Plaintiff's argument that Defendants were acting in an administrative capacity was persuasive. Id. at 22. Thus, whether viewed as an entirely new defense or as a new spin on an old argument, the Court previously determined that Defendants were not entitled to absolute immunity.

3. The Court stands by its prior ruling in its entirety. The Court carefully considered Defendants' arguments at the appropriate time, i.e., at the time the motion to dismiss was before this Court. Defendants have not presented any evidence of developments in the law or the facts which were not present at the time the motion to dismiss was filed.[2] Nor does

---

[2] The Court notes that Defendants have, for the first time, submitted certified public records of the Oklahoma Supreme Court. However, "[w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citing DeLong Corp. v. Raymond International Inc., 622 F.2d 1135, 1139-40 (3d Cir. 1980)). See also Sonnino v. University of Kansas Hosp. Authority, 221 F.R.D. 661, 664 (D. Kan. 2004) ("It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.").

the Court believe that it misunderstood the arguments asserted by counsel.  Ultimately, this

Court believes that dismissal in this case is premature.  For these reasons, Defendants'

Motion to Reconsider Order Denying Defendants' Motion to Dismiss is **DENIED**.  The

ninety (90) day discovery period shall commence upon the date of this Order.

Signed this 7ᵗʰ day of July, 2005.

Honorable Clarence A. Brimmer
United States District Judge
Sitting by Designation